**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**CENTURY SURETY COMPANY,**

    **Plaintiff,**

v.                                        **Case No.: 2:11-cv-159-FtM-36DNF**

**CARIBBEAN INVESTORS, LLC,**

    **Defendant and Third Party Plaintiff,**

v.

**SHORES INSURANCE INCORPORATED,**
**And SHOWKAT HOSSAIN**

    **Third Party Defendants.**
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Motion for Entry of an Order Granting Century's Renewed Motion for Judgment on the Pleadings; or, Alternatively, Defaulting Caribbean and Relieving Plaintiff and the Third Party Defendants from Any Obligation to Comply with the Court's Pretrial Deadlines. (Dkt. 74) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Plaintiff's Motion (Dkt. 74), as described herein.

**I.**    **BACKGROUND**

This case stems from an insurance dispute concerning a November 30, 2010 maritime accident involving a 1989 58' x 20' Steel Barge named CIA 204, and a 1940 101' Steel Tug named MUHEET ("the Vessels"). (Dkt. 1 at 4) On December 15, 2010,

Plaintiff was allegedly notified by Caribbean of a casualty involving the Vessels, which were en route from Florida to Haiti to deliver cargo consisting of construction materials for mobile homes. (Id.) On March 22, 2011, Plaintiff filed an Original Verified Complaint for Declaratory Judgment that there is no insurance coverage for the damage to the Vessels and their cargo because the loss occurred off the coast of Cuba and not while the Vessels were in port in Florida. (Id. at 6) Plaintiff also seeks a declaratory judgment that the insurance policy at issue is void and/or cancelled because the MUHEET was sold, assigned, transferred or pledged in breach of the policy. (Id. at 7) Finally, Plaintiff requests attorney's fees and court costs.

On March 13, 2012, Defendant Caribbean Investors ("Caribbean") filed a Third Party Complaint against Shores Insurance Incorporated, a Florida corporation and its employee Showkat Hossain. (Dkt. 48) The Third Party Complaint alleges that Shores Insurance and Hossain breached their fiduciary duty to Caribbean by not forwarding a Condition and Valuation Survey ("Survey") to Century, which was necessary to expand the scope of the insurance to cover the accident. (Id. at 3-4)

On June 22, 2011, Century filed a Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment against Caribbean. (Dkt. 20) Century asserted that the policy it issued did not cover Caribbean's loss because at the time of the accident Caribbean's tug, barge, and cargo were located off the coast of Cuba and Century's insurance policy only provided coverage for port (non-navigating) risk in Jacksonville, Florida. (Id. at 9-10)

On January 10, 2012, this Court denied Century's Summary Judgment motion as premature and allowed Century the opportunity to reassert its motion once a "full

opportunity for discovery" was afforded to the parties. (Dkt. 37) The parties have since conducted some discovery. However, Century was unable to coordinate the depositions of Caribbean's 30(b)(6) representative and other witnesses because of the unavailability of Caribbean's counsel. On September 11, 2012, Caribbean moved the Court to permit its counsel, Jack C. Morgan, to withdraw. (Dkt. 65) On October 4, 2012, the Court granted the Motion to Withdraw, reminded Caribbean of its obligation to prosecute its claims in a timely manner through counsel, provided Caribbean twenty-one days from the date of the order to retain new counsel and file a notice of appearance. The Court admonished Caribbean that if it failed to secure counsel, the Court would "recommend that a default be entered against Caribbean Investors, LLC as to the Complaint, and that any third-party claims and any counterclaims be dismissed for failure to prosecute." (Dkt. 69 at 2)

On April 9, 2013, no action had been taken by Century in response to the Order, and therefore the Court directed Caribbean to show cause why a default should not be entered against it for its failure to respond to the Court's Order and the parties' pending motions. (Dkt. 75) To date, Caribbean has not filed a response.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 56(a), the Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To

3

discharge this burden, the movant must show that "there is an absence of evidence to support the non-moving party's case." Id. at 325.

After the movant has met its burden, the burden of production shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact [the Court may] grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

At the summary judgment stage, the Court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In making this determination, the Court must decide which issues are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Here, Plaintiff has submitted a Motion, Memorandum, and supporting exhibits showing that there are no disputed issues of material fact and that Plaintiff is entitled to judgment as a matter of law. Plaintiff has established that the Vessels were covered by an insurance policy that was endorsed with a "Navigation Warranty" that only provided "port risk" insurance, which covers a vessel that is sitting in port for a prolonged period of time. (See Dkt. 20 at 3 (citing Dkt. 20-1 at 30)) The Navigation Warranty provided, in relevant part, that "[a]ny deviation beyond the navigation limits provided herein shall

4

void this policy . . . ." (Dkt. 20-1 at 10) Plaintiffs have declared and Defendant has admitted that that the casualty and loss to the Vessels occurred off the coast of Cuba, which was beyond the geographic scope of the Navigation Warranty. (Dkt. 20 at 10; Dkt 48 at 11) Moreover, it appears that the accident occurred two weeks before the Navigation Warranty was modified to include the Caribbean waters.[1] (Dkt. 20-1 at 40-41) Accordingly, Plaintiffs have established that because the Vessels had navigated beyond the geographic limits of the existing policy when the accident occurred, there is no coverage under the policy as a matter of law. See e.g., Lexington Ins. Co. v. Cooke's Seafood, 835 F.2d 1364, 1366-67 (11th Cir. 1988) (holding that a violation of the navigational limit expressed in insurance policy constitutes a breach); The Home Ins. Co. v. Vernon Holdings, et al., No. 92-2329-CIV, 1994 WL 791971, at *4 (S.D. Fla. May 2, 1994) (same).

## III. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

(1) The Motion for Entry of an Order Granting Century's Renewed Motion for Judgment on the Pleadings; or, Alternatively, Defaulting Caribbean and Relieving Plaintiff and the Third Party Defendants from Any Obligation to Comply with the Court's Pretrial Deadlines (Dkt. 74) is **GRANTED**. Consistent with this ruling, the Court will enter a separate final judgment.

---

[1] Caribbean Investor's Third Party Complaint alleges that Shores Insurance breached its fiduciary duty by failing to forward a Condition and Valuation Survey ("Survey") to Century, which was necessary to extend the Navigation Warranty of the insurance policy to include the Caribbean and Haiti. Shores Insurance denied Caribbean Investor's allegations, raised a number of affirmative defenses, and has since moved to dismiss the Third Party Complaint due to Caribbean Investor's failure to comply with the Court's Order requiring it to have a new counsel file a notice of appearance. That motion will be resolved separately.

(2) The Clerk is directed to terminate any pending motions/deadlines

**DONE** and **ORDERED** in Fort Myers, Florida, this 10th day of May 2013.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Party